By the Court.—Curtis, J.
The plaintiff and defendants entered into a contract by which the liability of the latter for the oats pledged, is limited to such losses only as shall arise from their own negligence or that of their agents. The parties had a right to enter into such a contract, and having done so are bound by it, unless some lawful reason exists by which the plaintiff is released from this provision of it.
It was claimed on the argument, that the plaintiff had no knowledge of the terms of this condition printed on the back of the contract, and never saw it, or assented to it, and that the defendants failed by any evidence to bring this knowledge home to the plaintiff.
The evidence that the plaintiff signed a contract containing such a condition, and referred to in the body of it as “being printed on the other side,” is, in the absence of other proof, enough to establish his liability under it. The plaintiff must be presumed to know the nature of the contract he signed, when he received the check for six thousand dollars from the defendants. His testimony “that the company produced the paper and caused me to sign it, and I then delivered it to them,” is perhaps not intended as a lucid statement of a common business transaction, but it fails to show any compulsion or any absence of notice or knowledge of its contents, or absence of opportunity for acquiring the fullest knowledge. To sustain the views urged in this respect on the part of the plaintiff, would be to endorse a doctrine that would prejudice the enforcement of all ordinary contracts.
The question only remains for consideration, whether there has been any gross negligence in respect to the property pledged by the defendants. The place- *80 where it was deposited was suitable. It had been selected by the plaintiff himself, and it was in charge of persons who had been previously co-partners in business with the plaintiff, and who had sustained, up to the time of their absconding, good reputations. The defendants also had other grain in the same stores, and also had an agent who visited, with reasonable diligence, the property in question, and saw that it was protected from the weather, and from heating, and deterioration from other causes.
What more could be reasonably expected from persons who give the most careful attention to property, even of their own.
The defendants exercised that full measure of care which the civil law designates as that ‘quae diligens pater-familias in suis rebus praestare solet.”
Gross negligence has been defined as “ that omission of care, which even the most inattentive and thoughtless men never fail to take of their own concerns.” No such omission as this, has been shown in the slightest degree, on the part of the defendants or their agents. It must be held, that the plaintiff failed to prove any gross negligence in regard to the property pledged, and this, by the condition of the contract, disposes of the appeal.
It is unnecessary for the purpose of deciding this case, to inquire as to whether there was any negligence at all on the part of the defendants. But the impression is very strong that there was none, and that the ancient and just principle should apply, “Si creditor sine vitió suo argentum pignori datum perdiderit, restituere id non cogitur.”
The judgment appealed from should be affirmed, with costs to the respondent.
Freedman and Speir, JJ., concurred.